JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALLAN FRIEDMAN

**DEFENDANTS:** PRESTIGE MOTORS, INC, d/b/a MERCEDES BENZ OF PARAMUS, LITHIA MOTORS, INC. d/b/a MERCEDES BENZ OF PARAMUS and MERCEDES BENZ FINANCIAL SERVICES USA LLC

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
JOHN C. UYAMADU L.L.C., 2 RIDGEDALE AVENUE, SUITE 355 CEDAR KNOLLS, NEW JERSEY 07927; PHONE: (855) 722-5110

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation / ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) / ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts / ☐ 893 Environmental Matters / ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. sec 2301, 49 U.S.C. sec 32710(b), 28 U.S.C. sec 1331 and 28 U.S.C. sec 1332
Brief description of cause:
VIOLATION OF FED. ODOMETER ACT, MAGNUSON-MOSS WARRANTY ACT & CONSUMER FRAUD ACT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 10/24/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ John C. Uyamadu

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLAN FRIEDMAN,<br>     Plaintiff<br><br>v.<br><br>PRESTIGE MOTORS, INC. d/b/a<br>MERCEDES BENZ OF PARAMUS, LITHIA<br>MOTORS, INC. d/b/a MERCEDES BENZ<br>OF PARAMUS and<br>MERCEDES BENZ FINANCIAL SERVICES<br>USA LLC,<br>     Defendants | CIVIL ACTION NO.:<br><br><br><br>BENCH TRIAL DEMANDED |

## COMPLAINT

### I.  INTRODUCTION

1. This is an action brought by a consumer against an automobile dealership for violations of the Federal Odometer Act, breach of the implied warranty of merchantability under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq*. Plaintiff also asserts pendent state law claims for breach of express warranty and violations of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. §§ 56:8-1 *et seq*. Claims are also asserted against the finance company as assignee of the operative retail installment sales contract.

### II.  PARTIES

2. Plaintiff, Allan Friedman ("Plaintiff"), is a consumer and natural person residing in Stamford, Connecticut.

3. Defendant Prestige Motors, Inc. d/b/a Mercedes Benz of Paramus ("Prestige") is a New Jersey corporation located in Paramus, New Jersey that operated a Mercedes Benz dealership in Paramus, New Jersey ("MB Paramus").

4. Defendant Lithia Motors, Inc. d/b/a Mercedes Benz of Paramus ("Lithia") is an Oregon corporation that currently operates MB Paramus.

5. Defendant Mercedes Benz Financial Services USA, LLC ("MBFS") is a limited liability company located in Farmington Hills, Michigan.

### III. JURISDICTION

6. This Court has subject matter jurisdiction pursuant to 49 U.S.C. § 32710(b) and 28 U.S.C. § 1331. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332, because the total cash price of the Vehicle was in excess of $75,000 and substantial statutory and punitive damages are sought. Supplemental jurisdiction exists for the state law claims also exists pursuant to 28 U.S.C. § 1367.

7. This Court has jurisdiction over all defendants, because they regularly conduct or conducted business in New Jersey and the transaction at issue occurred in this state.

8. Venue in this Court is proper, because the transaction occurred in this state.

### IV. FACTUAL ALLEGATIONS

9. On and before January 31, 2018, Prestige operated MB Paramus, a Mercedes Benz automobile dealership, as "Mercedes Benz of Paramus".

10. Between January 31, 2018 and the filing of this lawsuit, Prestige sold MB Paramus to Lithia.

11. Lithia continues to operate MB Paramus under the name "Mercedes Benz of Paramus" in the same location, continues to utilize the same website, the same phone number, utilizes the same mark and marketing identity, and employs many or all of the same employees as employed at MB Paramus as Prestige.

12. Lithia relies upon the goodwill established by Prestige, and its operation of MB Paramus and its marketing projection of MB Paramus to consumers is indistinguishable from that of Prestige to Lithia.

13. Lithia is a successor in interest to MB Paramus to Prestige

14. On or before January 31, 2018, Plaintiff visited MB Paramus because he was interested in purchasing a vehicle for personal use.

15. Specifically, Plaintiff was interested in a 2015 Mercedes Benz E63 AMG (the "Vehicle") in MB Paramus' inventory.

16. Plaintiff was interested in purchasing that specific model Mercedes Benz, because it is a rare, high performance vehicle, and was willing to travel to New Jersey from his home in Connecticut to purchase it.

17. The Vehicle was marketed by Prestige and was warranted to be a Mercedes Certified Pre-Owned Vehicle ("CPO").

18. Mercedes CPO vehicles are described as passing a "rigorous" 164-point inspection and must meet a "stringent criteria".

19. Mercedes Dealerships, including MB Paramus, charge a premium on vehicles with the CPO designation.

20. Plaintiff agreed to purchase the Vehicle for a total cash price of $75,311.12.

21. Plaintiff paid an $11,978.36 down payment in the form of cash and the net allowance from a trade-in vehicle, and he financed the remainder pursuant to a retail installment sales contract (the "Contract").

22. The Contract was subsequently assigned to MBFS.

23. MB Paramus provided a written disclosure to Plaintiff at the time of the sale that the mileage reading on the Vehicle's odometer was 15,231 miles and that, to the best of its knowledge, the reading represented the true mileage of the Vehicle. A true copy of the written odometer statement (the "Odometer Statement") that was provided to Plaintiff is attached as Ex. A.

24. The actual odometer reading at the time of sale was approximately 15,231 miles.

25. Subsequent to the sale of the Vehicle, MB Paramus submitted documentation to the Connecticut Department of Motor Vehicles ("CT DMV") for purposes of registering and titling the Vehicle to the Plaintiff.

26. In the documents submitted to CT DMV, MB Paramus stated that the Vehicle's odometer reading was 24,347 miles.

27. One of the documents provided by MB Paramus to the CT DMV was an altered copy of the Odometer Statement (the "Forged Odometer Statement") in which it had crossed out the mileage disclosure of 15,231 and wrote "24,347" and the initials "AF" (the Plaintiff's initials) above that alteration. A copy of the Forged Odometer Statement is attached as Exhibit B.

28. Based upon the information provided to it by MB Paramus, the CT DMV issued a title that showed mileage of 24,347.

29. Approximately two and a half months later, on or about April 30, 2018, Plaintiff had the Vehicle serviced by Mercedes Benz of Greenwich in Greenwich, CT. The odometer reading at the time of the servicing was approximately was approximately 17,292 miles.

30. Both the CT DMV title and registration transaction and the Mercedes Benz of Greenwich servicing were reported to Carfax and possibly other services.

31. Consequently, Carfax reports a mileage inconsistence on the Vehicle, because the Vehicle had reported mileage of 24,347 as of February 13, 2018 and a lower reading of 17,292 miles as of April 30, 2018.

32. As a result of MB Paramus' fraudulent submission to the CT DMV, and consequently CarFax, CarFax now reports that the Vehicle has an odometer discrepancy.

33. As a result of the reported odometer discrepancy, the Vehicle is now considered "true mileage unknown", resulting in a severe diminution of value.

34. At the time of delivery, the Vehicle had inadequately repaired body damage and had four damaged rims.

35. The aforedescribed defects relating to the odometer discrepancy, body damage and rims should have disqualified the vehicle from being certified as a Mercedes CPO. Specifically, A true mileage unknown vehicle is not permitted for consideration as a CPO.

36. The CPO checklist contains the following points pass inspection for CPO certification: point 116 requires that the wheels and drivetrain are free from vibration and noise, and points 141-152 require that the exterior of the car also pass inspection.

37. These defects would have been apparent to an automotive technician undertaking the Mercedes CPO inspection.

38. Plaintiff had agreed to purchase the Vehicle and accepted delivery unaware of its defects.

## V. CAUSES OF ACTION

### A. COUNT ONE - FEDERAL ODOMETER ACT

39. With the intent to defraud, MB Paramus made false statements regarding the CT DMV regarding the Vehicle's mileage reading.

40. The intent to defraud may be inferred by the preparation of the Forged Odometer disclosure. MB Paramus knew that it had disclosed different mileage to the Plaintiff and prepared a forged instrument in order to defraud the CT DMV, the public, and the Plaintiff regarding the Vehicle's true mileage, the prior mileage disclosures, or both.

41. Plaintiff has standing under the Federal Odometer Act to bring suit for fraudulent statement made to the CT DMV.

42. Prestige is liable to Plaintiff for treble his damages or $10,000, whichever is greater, and attorney's fees and costs.

43. Lithia is liable to Plaintiff for treble damages or $10,000, whichever is greater, and attorney's fees and costs.

44. MBFS is liable to Plaintiff for treble damages or $10,000, whichever is greater, and attorney's fees and costs as assignee of the Contract.

## B. COUNT TWO - BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

45. A warranty that the Vehicle was in merchantable condition was implied by the contract by operation of N.J.S.A. § 12A:2A-314.

46. Prestige and Lithia breached the implied warranty of merchantability, because the Vehicle would not pass in trade without objection, was not fit for the purposes that motor vehicles are ordinarily used, or both.

47. The Vehicle would not pass in trade without objection as a true mileage unknown vehicle.

48. The Vehicle would not pass in trade without objection as a CPO vehicle due its true mileage being unknown, and its damaged body and damaged rims.

49. Plaintiff has provided Prestige and Lithia a reasonable opportunity to cure their breaches of implied warranty, but they have failed to do so.

50. Specifically, prior to asserting this action, Plaintiff demanded that they cause the CT DMV to issue a new title and that it cause Carfax to correct the recording, but they failed or refused to do so or they are not able to do so.

51. Prestige and Lithia are liable to Plaintiff for his damages, attorney's fees, and costs under MMWA.

52. MBFS is liable to Plaintiff for his damages, including common law punitive damages, and attorney's fees and costs under MMWA as assignee of the Contract.

53. Plaintiff seeks, as an equitable remedy under MMWA an order that the defendants repurchase the Vehicle for the total cash price paid.

54. The total amount claimed under this count is in excess of $50,000.

### C. COUNT THREE - BREACH OF EXPRESS WARRANTY

55. MB Paramus' statements regarding the condition and history of the Vehicle constituted an express warranty pursuant to N.J.S.A. § 12A:2A-313. Specifically, MB Paramus told Plaintiff that the Vehicle's mileage was 15,231 and was eligible for CPO certification.

56. Prestige and Lithia breached the express warranty because the Vehicle was a true mileage unknown vehicle and not eligible for CPO certification.

57. Prestige and Lithia are liable to Plaintiff for his damages, including common law punitive damages, plus attorney's fees and costs under the MMWA, 15 U.S.C. § 2310(d).

58. MBFS is liable to Plaintiff for his damages, including common law punitive damages, plus attorney's fees and costs under the MMWA, 15 U.S.C. § 2310(d).

### D. COUNT FOUR – VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT ("CFA")

59. MB Paramus committed an unlawful practice when it disclosed a lower mileage to Plaintiff to induce Plaintiff to purchase the Vehicle, then declared a higher mileage to the CT DMV for registering the same Vehicle.

60. Misrepresentation of Mileage of Motor Vehicle is a violation of New Jersey Criminal Law, N.J.S.A. § 2C:21-8, and an unlawful practice under CFA, N.J.S.A. §§ 56:8.1, *et seq*.

61. Defendants' forgery of the odometer disclosure statement submitted to CT DMV is a violation of New Jersey Criminal Law, N.J.S.A. § 2C:21-1(a)(3), and an unlawful practice under CFA, N.J.S.A. §§ 56:8.1, *et seq*.

62. Plaintiff sustained ascertainable losses by way of diminution of value of the Vehicle.

63. MB Paramus is liable to Plaintiff for treble his ascertainable losses, attorney's fees, filing fees, and costs of suit.

64. Once MB Paramus is found to have committed an unlawful practice by affirmatively misrepresenting the mileage on the Vehicle sold to Plaintiff in violation of CFA, whether or not Plaintiff proved any ascertainable loss, the court should award Plaintiff attorney fees, filing fees, and costs. Cuesta v. Classic Wheels, Inc., 358 N.J. Super. 512, 523 (App.Div. 2003).

65. As an alternative remedy, Plaintiff is entitled to an order rescinding the transaction plus an award of attorney's fees, filing costs, and costs of suit.

### E. COUNT FIVE – COMMON LAW FRAUD

66. MB Paramus committed a common law fraud when it disclosed a lower mileage to Plaintiff to induce Plaintiff to agree to a higher purchase price that the Vehicle was truly worth.

67. MB Paramus knew or should have known that the mileage disclosed to Plaintiff at the point of sale was lower than the mileage on the Vehicle Plaintiff was negotiating to purchase.

68. MB Paramus knew or should have known that the mileage disclosed to Plaintiff to make him purchase the Vehicle was false.

69. MB Paramus misrepresented the true mileage of the Vehicle to Plaintiff with the intention that Plaintiff will rely on the falsehood to accept the Vehicle at a higher price than the Vehicle is worth.

70. Soon after Plaintiff purchased the Vehicle, MB Paramus declared a higher mileage to the CT DMV for registering the same Vehicle and concealed this fact to Plaintiff.

71. The mileage discrepancies reported by MB Paramus led to the Car being reported by CarFax as true mileage unknown which caused diminution of value.

72. Plaintiff sustained ascertainable losses by way of diminution of value of the Vehicle and overpayment for the Vehicle.

73. MB Paramus is liable to Plaintiff to for compensatory damages, common law punitive damages, attorney fees, costs and such other legal and equitable relief that the Court deems just.

### F. COUNT SIX – STRICT LIABILITY UNDER THE PRODUCT-LINE EXCEPTION TO SUCCESSOR LIABILITY RULE

74. Prestige Motors Inc. d/b/a Mercedes Benz of Paramus sold the Vehicle in question to Plaintiff and misrepresented, altered and forged the odometer disclosure statement to CT DMV in violation of the Odometer Act, CFA, and in breach of Express and Implied Warranties.

75. Lithia Motors Inc. d/b/a Mercedes Benz of Paramus succeeded the interest of Prestige Motors Inc. and continued to sell the same product-line, Mercedes Benz, as its predecessor Prestige.

76. Lithia Motors Inc. d/b/a Mercedes Benz of Paramus is strictly liable for any bad acts of its predecessor, Prestige, with respect to Plaintiff's transaction with Prestige.

77. Lithia Motors Inc. d/b/a Mercedes Benz of Paramus has continued to benefit from the good will built up by Prestige and serving the same customers and communities that Prestige served.

78. Lithia Motors Inc. d/b/a Mercedes Benz is liable to Plaintiff to the same extent as Prestige.

79. It is established that recourse against a successor corporation is justified as a burden necessarily attached to the successor's enjoyment of the predecessor's trade name, good will and the continuation of an established enterprise. Lefever v. K.P. Hovnanian Enters., 160 N.J. 307, 323 (1999).

80. Lithia is liable to Plaintiff to the same extent as Prestige for violation of Odometer Act, Breach of Express and Implied Warranties, Common Law Fraud, Violation of CFA and any other liability theory currently pleaded or to be impleaded in due course.

81. Lithia is liable to Plaintiff to the same extent as Prestige for compensatory damages, treble damages, punitive damages, attorney fees and costs.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff claims actual damages, statutory damages, punitive damages, attorney's fees, and costs of suit.

          PLAINTIFF, ALLAN FRIEDMAN

          */s/ John C. Uyamadu*
By:_____
          John C. Uyamadu
          (NJ Attorney ID: 017142004)
          John C. Uyamadu L.L.C.
          2 Ridgedale Ave, Suite 355
          Cedar Knoll, NJ 07927
          Tel. (855) 722-5110
          Fax. (800) 630-3816
          Email: johnu@jculawoffice.com